**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America,**

**v.**

**Andrew H. Scoles,**

**Defendant.**

**Case No. 2:26-mj-61**

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

## OPINION AND ORDER

A federal Complaint charged Andrew Scoles ("Defendant") with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and distribution of fifty grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).  ECF No. 1.  Defendant was arrested and had his initial appearance on February 9, 2026.  ECF No. 3.

After two detention hearings, the Magistrate Judge determined that Defendant should be released to the treatment program at Cedar Ridge and subjected to location monitoring during his participation therein.  ECF No. 18. The Government now asks the Court to review and revoke the Magistrate Judge's release order.  ECF No. 19.  At bottom, the Government contends that Defendant's danger to the community substantially outweighs any argument or evidence supporting his release.  *Id.* at PAGEID ## 46–47.

18 U.S.C. § 3145(a) permits a district court's review of a detention order issued by a magistrate judge.  The district judge reviews the matter *de novo*.

*United States v. Gunter*, No. 2:09-cr-90, 2009 WL 1867638, at *1 (S.D. Ohio June 24, 2009). Although "the district court . . . need not hold a hearing," *United States v. Sammons*, No. 2:19-CR-107, 2020 WL 613930, at *3 (S.D. Ohio Feb. 10, 2020), the parties appeared before the Court on March 2, 2026, for a hearing on the Government's motion.

The Bail Reform Act provides that "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). The Government must demonstrate dangerousness by clear and convincing evidence and risk of flight by a preponderance of the evidence. *Gunter*, 2009 WL 1867638, at *1. The Court considers the following factors:

(1)　The nature and circumstances of the offense, including whether it involves a controlled substance;

(2)　The weight of the evidence [of dangerousness];

(3)　History and characteristics of the defendant, including—

(a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and

(b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

Case No. 2:26-mj-61　　　　　　　　　　　　　　　　　Page 2 of 5

(4)     The nature and seriousness of the danger to any person or the community that would be posed by the person's release[.]

18. U.S.C. § 3142(g).

In this case, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). Although the Magistrate Judge ultimately determined that Defendant should be released into the Cedar Ridge treatment program, she also found that that Defendant had not rebutted the presumption against release and that the Government had met its burden to establish that Defendant was a danger to the community. ECF No. 15.

The Court, on *de novo* review, agrees with the Magistrate Judge's findings. Besides referencing his drug addiction, which the Magistrate Judge already considered as part of her analysis, Defendant has not offered sufficient evidence, at the hearing or otherwise, to overcome the presumption against release. Nor has Defendant argued that the Magistrate Judge's findings were incorrect.

On the other side, the Court's review of the Pretrial Services Report shows that Defendant may face a lengthy period of incarceration if convicted. *See* ECF No. 12. Defendant also reported that he began using methamphetamine and fentanyl in 2023 and uses those substances daily, with his last use occurring in late January or early February 2026. *Id.* Defendant has at least one prior drug conviction and a history of alcohol or substance abuse. *Id.* Considering his substance abuse history, his mental health history, and his prior record of failing

Case No. 2:26-mj-61                                                    Page 3 of 5

to appear in state court, the Pretrial Services Report finally indicates that Defendant poses a risk of nonappearance. *Id.*

Even if the Court were to find that Defendant rebutted the presumption, necessitating a review under 18 U.S.C. § 3142(g), the Court would find that there is no condition or combination of conditions that would reasonably assure his appearance as required and the safety of the community. Specifically, Defendant is charged with, *inter alia*, distributing fifty grams or more of a mixture containing methamphetamine, and the nature and circumstances of this offense and the evidence thereof weigh against Defendant's release. *Cf. Stone*, 608 F. 3d at 947 n.6 ("[O]ur Court routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." (collecting cases)). Defendant is also charged with possession of a firearm, further indicating dangerousness.

Defendant's history and characteristics and the nature and seriousness of the danger to the community posed by Defendant's release also support findings of dangerousness and risk of flight. As to the former factor, Defendant has resided in central Ohio for the majority of his life, *see* Pretrial Services Rep., ECF No. 12, but he has a record of failing to appear in state court, and he has been unemployed for the past three years, *see id.* As to the latter factor, Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hinton*, 113 F. App'x 76, 78 (6th Cir. 2004) (citation omitted); *see also United States v. Beard*, 528 F. Supp. 3d 764,

Case No. 2:26-mj-61                                    Page 4 of 5

773 (N.D. Ohio 2021) (noting that drug dealing is "an inherently dangerous activity" (citation omitted)).  Beyond the allegations of Defendant's drug distribution, the Court finds that Defendant poses additional risk because he is alleged to have possessed a firearm.  The Court is also troubled that Defendant seeks to reside, if released, at a location where his brother shot him and where drugs, guns, and currency were located upon execution of a search warrant. *See* ECF No. 13.

Accordingly, the Court agrees with the Magistrate Judge that no conditions of release can ensure both the safety of the community and Defendant's appearance.  As such, the Court finds that Defendant shall remain detained pending trial.  The Government's motion is **GRANTED**.  The Clerk shall terminate ECF No. 19 as a pending motion.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**